**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                            :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------x
                                            :

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | Adv. Proceeding No. 24-05006 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | August 14, 2025 |
| AMAZON WEB SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE FOR LEAVE TO AMEND COMPLAINT

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby moves (the

"Motion") pursuant to Rule 15 (a)(2) of the Federal Rules of Civil Procedure (the "Civil Rules"),

made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by

Rule 7015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for leave to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

amend his *Amended Adversary Complaint* [ECF No. 30] (the "Amended Complaint") against the defendant Amazon Web Services, Inc. (the "Defendant").

**This Adversary Proceeding is subject to a stay pursuant to the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Stay"). The Trustee files this Motion and his proposed *Third Amended Complaint* (the "Third Amended Complaint") now to preserve the Trustee's rights and does not request adjudication of this Motion, nor is the Defendant required to respond to this Motion, during the Stay.**

In support of this Motion, the Trustee states the following:

### RELEVANT BACKGROUND

1.     On February 15, 2022 (the "Petition Date"), the Debtor filed his petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the Chapter 11 Case.

2.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case. No examiner has been appointed.

3.     On June 15, 2022, the Court entered a memorandum of decision and order [Main Case ECF No. 465][2] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case ECF No. 523].

---

[2]     ECF references to the "Main Case" refer to documents filed in the Debtor's Chapter 11 Case. All other ECF references refer to documents filed in this Adversary Proceeding.

4.      On February 9, 2024, the Trustee commenced this Adversary Proceeding by filing his original complaint [ECF No. 1].

5.      On February 15, 2024, the Trustee filed his Amended Complaint.

6.      On April 29, 2024, the Defendant appeared in this Adversary Proceeding through counsel [ECF No. 13].

7.       On August 15, 2024, the Trustee filed a motion to amend complaint [ECF No. 17] which was not ruled on in light of the Stay.

8.      On October 18, 2024, the Defendant filed a motion to dismiss [ECF No. 21] to which the Trustee has objected [ECF No. 23] pursuant to the joint briefing procedures approved by the Court [Main Case ECF No. 3577] (collectively, the "Joint MTD Briefing").  Except for the Joint MTD Briefing, proceedings in this Adversary Proceeding have been referred to mediation and are currently subject to stay.

9.      On February 14, 2025, the Trustee filed a motion to amend complaint [ECF No. 30] (the "Prior Motion to Amend"), which has not yet been ruled on in light of the Stay.  This Motion replaces and supersedes the Prior Motion to Amend.

10.     Based on further progress in his investigation, the Trustee has determined that the Defendant received additional prepetition and postpetition transfers subject to avoidance under the Bankruptcy Code (the "Additional Transfers").

## PROPOSED AMENDED COMPLAINT

11.     The Trustee requests leave to file his Third Amended Complaint, in the form attached hereto as **Exhibit 1**,[3] specifying the Additional Transfers subject to avoidance and

---

[3]     A version of the Third Amended Complaint with redacted schedules is attached to this Motion filed on the public docket.  A version of the Third Amended Complaint with the schedules unredacted will be filed under seal immediately following the filing of this Motion.

3

recovery under the Trustee's existing avoidance claims.[4]  A redline version of the Third Amended Complaint, marked to reflect changes to the operative Amended Complaint, is attached hereto as **Exhibit 2**.

12.     In accordance with District of Connecticut Local Civil Rule 7(f), the Trustee's counsel, Douglas Skalka, contacted the Defendant's counsel, Brian Peterson, on August 8, 2025, to determine whether the Defendant consents to the filing of the Trustee's Third Amended Complaint, and the Defendant has indicated that it does not consent to the filing.

## ARGUMENT

13.     Civil Rule 15, made applicable to this Adversary Proceeding by Bankruptcy Rule 7015, governs the circumstances in which parties who have already pleaded in the action will be permitted to amend their pleadings. Rule 15(a)(2), upon which Trustee relies, directs that "[t]he court should freely grant leave when justice so requires," thereby reflecting a policy intended to facilitate resolution on the merits, rather than technical pleading requirements. *See, e.g., C. F. v. Capistrano Unified School District*, 654 F 3d. 975, 985 (9th Cir. 2011) (policy should be applied with "extreme liberality;" absent prejudice, or strong showing of other factors disfavoring amendment, "*there exists a presumption under Rule 15(a) in favor of granting leave to amend*" (emphasis added)).  As a general proposition, leave to amend is granted unless the party opposing amendment can demonstrate—through a weighing of several factors, such as futility, bad faith, undue delay, or undue prejudice to the opposing party—that leave would be inappropriate. *See MSP Recovery Claims, Series LLC v. Hereford Ins. Co*., 66 F.4th 77, 90 (2d. Cir. 2023).  Here, none of those factors weigh against granting the proposed amendment.

---

[4]     The proposed Third Amended Complaint also reflects certain pertinent developments in the Debtor's bankruptcy case and other adversary proceedings that have occurred subsequent to the filing of the Amended Complaint.

14.     The proposed augmentation of the Trustee's claims is plainly not futile; there is simply no cognizable legal or factual impediment precluding prosecution of such claims.  Further, there can be no legitimate claim of undue delay, particularly given that (except for certain disputed legal issues the parties have addressed through the Joint MTD Briefing) has yet to be substantively litigated due to the Stay of proceedings.

15.     Moreover, the Trustee has unquestionably acted with diligence and good faith in obtaining and analyzing the massive quantum of third-party discovery required to disentangle the complex web of Debtor's far-flung fraudulent (often criminal) activities, and his prodigious efforts to hide his assets from his legitimate creditors. (*See Order Granting in Part Third Motion for Extension of Deadline for Trustee to File Avoidance Actions* [Main Case ECF No. 4106] at p. 3 (noting "the Trustee's diligence in his investigation").)

16.     Finally, the Defendant is in no meaningful way prejudiced in its defense.  The Trustee's Third Amended Complaint asserts the same claims as his Prior Amended Complaint and has simply specified Additional Transfers falling under Counts One through Three. Rather, the Trustee requests leave to file his Third Amended Complaint to ***avoid*** prejudice to the Defendant by putting it on notice to the Additional Transfers at issue in the Trustee's avoidance claims.  Leave to amend is thus manifestly appropriate here.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Court should grant this Motion by entering the Proposed Order attached hereto as **Exhibit 3**, and grant such other and further relief as the Court deems just and proper.

Dated:  August 14, 2025          LUC A. DESPINS
        New Haven, CT          CHAPTER 11 TRUSTEE

        By: */s/ Patrick R. Linsey*
           Douglas S. Skalka (ct00616)
           Patrick R. Linsey (ct29437)
           NEUBERT, PEPE & MONTEITH, P.C.
           195 Church Street, 13th Floor
           New Haven, Connecticut 06510
           (203) 781-2847
           dskalka@npmlaw.com
           plinsey@npmlaw.com
           *Counsel for the Chapter 11 Trustee*

## **EXHIBIT 1**

(Proposed Third Amended Complaint)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                                          :        Chapter 11
:
HO WAN KWOK, *et al.*,[1]                          :        Case No. 22-50073 (JAM)
:
                                   Debtors.        :        (Jointly Administered)
:
------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                     :
TRUSTEE,                                                :
:        Adv. Proceeding No. 24-05006-JAM
                                   Plaintiff,        :
v.                                                          :
:
:
AMAZON WEB SERVICES, INC.,                   :
:
                                   Defendant.        :
:
------------------------------------------------------x


**THIRD AMENDED COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE**
**AND RECOVERY OF FRAUDULENT TRANSFERS AND POSTPETITION TRANSFERS**
**AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, 549**
**AND 550 AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 276 AND 278**


        Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1]        The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing
        address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP,
        200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely
        for purposes of notices and communications).

third amended adversary complaint (the "Complaint") against defendant Amazon Web Services, Inc. (the "Defendant"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover: (a) transfers of the Debtor's property prior to the commencement of this Chapter 11 Case; and (b) transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor, through his alter ego shell companies, Saraca Media Group Inc. ("Saraca"), Leading Shine NY Ltd. ("Leading Shine"), Lexington Property and Staffing Inc. ("Lexington"), G Fashion (CA) ("GFashion"), G Fashion Media Group Inc. ("G Fashion Media"), G Club Operations LLC ("G Club"), Rule of Law Society IV Inc. ("Rule of Law"), Rule of Law Foundation III, Inc. ("Rule of Law Foundation"), Golden Spring (New York) Ltd. ("Golden Spring") Hamilton Capital Holding Ltd ("Hamilton Capital"), HCHK Technologies Inc. ("HCHK Technologies", collectively with Saraca, Leading Shine, Lexington, G Fashion Media, GFashion, G Club, Rule of Law, Rule of Law Foundation, Golden Spring and Hamilton Capital, the "Relevant Alter Egos"), transferred funds in the amount of $14,799,658.57 prior to the Petition Date (as defined herein) to the Defendant as initial transferee.  These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

3.      Following the Petition Date, the Debtor, through his alter ego shell companies, Lexington, HCHK Technologies, Hamilton Capital, Rule of Law Foundation and G Club transferred funds in the aggregate amount of $6,027,821.33 to the Defendant as initial transferee.

4.      Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

6.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

7.      The statutory predicates for the relief sought herein include sections 544, 548, 549, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law sections 273, 276 and 278[2] or any other applicable state law equivalents.

## THE PARTIES

8.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

9.      The Defendant is a Delaware corporation with an address 410 Terry Avenue North, Seattle, Washington 98109.

---

[2]    All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. & Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVTA") replaced the New York Uniform Fraudulent Conveyance Act ("NYUFCA") within the N.Y. Debt & Cred Law, taking effect on April 4, 2020 and applying to transfers made or obligations incurred on or after that date. With respect to transfers that occurred on or after April 4, 2020, the Trustee seeks relief in this action under the NYUVTA and N.Y. Debt. & Cred. Law sections 273 and 276 (as these statutes existed at the time of the transfers) and, with respect to transfers that occurred prior to April 4, 2020, the Trustee seeks relief in this action under the NYUFCA and N.Y. Debt. & Cred. Law sections 276 and 278 (as these statutes existed at the time of the transfers).

**FACTS**

A.      **Chapter 11 Case**

10.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

11.      On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

12.      The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter ego shell companies, including the Relevant Alter Egos.

13.      On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

B.      **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

14.      The Relevant Alter Egos are among the numerous alter-ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.  For years, the Debtor has orchestrated

---

[3]      Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

4

a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor. This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

15.　　Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several adversary proceedings the Bankruptcy Court has already granted such relief.[4]

16.　　The Trustee is pursuing the same or substantially similar relief with respect to Saraca, G Fashion Media, GFashion, G Club, Rule of Law, Rule of Law Foundation, and Hamilton Capital in *Despins v. ACA Capital Group Ltd*, et al. [Adv. Proc. No. 24-05249] (the "Omnibus A.P."). The Trustee refers to and incorporates herein his Complaint filed in the Omnibus A.P. (Omnibus A.P., Docket No. 1).

17.　　The Trustee is pursuing the same or substantially similar relief with respect to Leading Shine in *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023] (the "Lamp Capital A.P."). The Trustee refers to and incorporates herein his Complaint filed in the Lamp Capital A.P. (Lamp Capital A.P., Docket No. 1).

---

[4]　Adversary proceedings in which the Trustee is seeking or has obtained such relief include, in addition to the Omnibus A.P., Lamp Capital A.P., HCHK Entities A.P., and Golden Spring A.P.: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC*, et al. [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC*, et al. [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-05017]; (v) *Luc A. Despins, Chapter 11 Trustee v. Bouillor Holdings Limited*, et al. [Adv. Proc. No. 24-5311] and (vi) *Luc A. Despins, Chapter 11 Trustee v. AA Global Ventures Limited*, et al. [Adv. Proc. No. 24-05322].

18.     The Court entered judgment to the effect that Lexington and HCHK Technologies are the Debtor's alter egos and their property, prior to the Petition Date, was property of the Debtor. (Adv. Proc. No. 23-5013 (the "HCHK Entities A.P."), Docket No. 296 (the "Lexington/HCHK Technologies Judgment"). The Lexington/HCHK Technologies Judgment is final and no longer subject to appeal. The Trustee refers to and incorporates herein his Complaint filed in the HCHK Entities A.P. (HCHK Entities A.P., Docket No. 1) and the Lexington/HCHK Technologies Judgment.

19.     The Court has likewise entered judgment to the effect that Golden Spring is the Debtor's alter ego and that its property, prior to the Petition Date, was property of the Debtor. (Adv. Proc. No. 23-5018 (the "Golden Spring A.P."), Docket No. 35 (the "Golden Spring Judgment"). The Golden Spring Judgment is final and no longer subject to appeal. The Trustee refers to and incorporates herein his Complaint filed in the Golden Spring A.P. (Golden Spring A.P., Docket No. 1) and the Golden Spring Judgment.

20.     The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

C.     **Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

21.     In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and

through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[5]

22.     The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor[6], led by the Debtor[7] and/or served "the purposes of… and as business vehicles of" the Debtor.[8]

23.     Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally owned by one of the Debtor's chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[9]

24.     The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying

---

[5]     Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order").

[6]     *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[7]     *Id*. at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[8]     *Id*. ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[9]     *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son. The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

25.     The Debtor also used his alter egos, including the Relevant Alter Egos, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims. The transfers that the Debtor effectuated through these alter egos effectuated the Debtor's fraudulent scheme.

26.     The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[10] The Debtor scheduled only $3,850 in assets.[11]

27.     In March 2023, the Debtor was arrested by federal authorities and held without bail. On July 16, 2024, following a trial in the United States District Court for the Southern District of New York, the Debtor was convicted of nine felony counts, i.e., racketeering conspiracy, conspiracy to commit wire fraud and bank fraud, money laundering conspiracy, conspiracy to commit securities fraud, wire fraud in connection with the Farm Loan Program, securities fraud in connection with the Farm Loan program, wire fraud in connection with G|CLUBS, securities fraud in connection with G|CLUBS, and wire fraud in connection with the Himalaya Exchange.

---

[10]   Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022).

[11]   *See* n.3.

8

28.     In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[12]

29.     The property of the Debtor's alter egos, including the Relevant Alter Egos, was at all times prior to the Petition Date property of the Debtor.

30.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the transfers at issue in this Complaint.

**D.     Debtor's Shell Game and Fraud Continues Postpetition**

31.     As of the Petition Date, all of the Debtor's property held through his alter egos, including the Relevant Alter Egos, became property of the chapter 11 estate. See 11 U.S.C. § 541(a)(1).

32.     Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter ego shell companies, including, without limitation, Lexington, HCHK Technologies, Hamilton Capital, Rule of Law Foundation, and G Club.

33.     None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

---

[12]   *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

**E.**    **Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

34.    The Transfers (as defined herein) at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell companies operated as a part of the Debtor's shell game.

35.    The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors.  The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

36.    The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes.  As a result of this conduct, the Debtor has been convicted of multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York.  *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 395] (July 18, 2024 S.D.N.Y.).

37.    The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds.  These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**F.**  **Transfers to the Defendant**

38.    Prior to the Petition Date, the Debtor, using the Relevant Alter Egos, or otherwise, transferred the Debtor's property to the Defendant (collectively, the "Prepetition Transfers"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

10

39.     Subsequent to the Petition Date, the Debtor, through his alter ego shell companies, Hamilton Capital, G Club, Lexington, Rule of Law Foundation, and HCHK Technologies, or otherwise, transferred property of the estate to the Defendant (collectively the "Postpetition Transfers"), including, without limitation, as follows:

See **SCHEDULE B** attached hereto and made a part hereof.

40.     At the time of the Prepetition Transfers and Postpetition Transfers (collectively, the "Transfers"), the Debtor had outstanding obligations to creditors of the Debtor's estate.

41.     The Defendant was the initial transferee of the Transfers.

## FIRST CLAIM

### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

42.     The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

43.     The Prepetition Transfers were made by the Debtor, including through the Relevant Alter Egos, with the actual intent to hinder, delay and/or defraud his creditors.

44.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Prepetition Transfers is shown by, among other things:

a.     The Prepetition Transfers were effectuated using alter ego shell companies;

b.     The Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

e.      At the time of the Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

f.      At the time of the Prepetition Transfers, the Debtor was insolvent or undercapitalized.

45.      The Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 276 and 278, and Bankruptcy Code sections 544(b) and 550(a))**

46.      The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

47.      The Prepetition Transfers were made by the Debtor, including through the Relevant Alter Egos, with the actual intent to hinder, delay and/or defraud his creditors.

48.      The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Prepetition Transfers is shown by, among other things:

a.      The Prepetition Transfers were effectuated using alter-ego shell companies;

b.      The Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

12

d.      The Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

e.      At the time of the Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

f.      At the time of the Prepetition Transfers, the Debtor was insolvent or undercapitalized.

49.     The Prepetition Transfers that occurred prior to April 4, 2020 are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 276 and 278 (NYUFCA) as these statutes existed at the time of such Prepetition Transfers, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

50.     The Prepetition Transfers that occurred on or after April 4, 2020 are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1) and 276 (NYUVTA) as these statutes existed at the time of such Prepetition Transfers, and section 544(b) of the Bankruptcy Code, and recoverable pursuant to section 550(a) of the Bankruptcy Code.

### THIRD CLAIM

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

51.     The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

52.     The Postpetition Transfers were made to the Defendant by the Debtor, including through his alter ego shell companies, Hamilton Capital, G Club, Rule of Law Foundation, Lexington, and HCHK Technologies.

53.     The Postpetition Transfers occurred after the Petition Date.

13

54.     The Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

55.     The Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

56.     The Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

57.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Postpetition Transfers, or the value thereof, from the Defendant plus interest thereon to the date of payment and the costs of this action.


*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.      On the First Claim, (a) an order declaring that the Prepetition Transfers in an amount not less than $14,123,661.41 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Prepetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.      On the Second Claim, (a) an order declaring that the Prepetition Transfers in an amount not less than $14,799,658.57 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(1) and 276 (under the NYUVTA) and, with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 276 and 278 (under the NYUFCA); (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Prepetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law sections 276 (under the NYUVTA) and 278 (under the NYUFCA) and section 550(a)(1) of the Bankruptcy Code;

3.      On the Third Claim, (a) an order declaring that the Postpetition Transfers in an amount not less than $6,027,821.33  are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Postpetition Transfers be set aside; and (c) recovery of the Postpetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

4.      Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

5.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 14, 2025   LUC A. DESPINS,
   New Haven, CT   CHAPTER 11 TRUSTEE


   By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*

## SCHEDULE A

**FILED UNDER SEAL**

## **SCHEDULE B**

**FILED UNDER SEAL**

**EXHIBIT 2**

(Redlined Third Amended Complaint)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al*.,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

--------------------------------------------------------x

| | : | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | Adv. Proceeding No. 24-05006-JAM |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | ~~February 14, 2025~~ |
| AMAZON WEB SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

--------------------------------------------------------x

**~~SECOND~~THIRD AMENDED COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE**
**AND RECOVERY OF FRAUDULENT TRANSFERS AND POSTPETITION TRANSFERS**
**AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, 549**
**AND 550 AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 276 AND 278**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

~~second~~third amended adversary complaint (the "Complaint") against defendant Amazon Web Services, Inc. (the "Defendant"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover: (a) transfers of the Debtor's property prior to the commencement of this Chapter 11 Case; and (b) transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor, through his alter ego shell companies, Saraca Media Group Inc. ("Saraca"), Leading Shine NY Ltd. ("Leading Shine"), Lexington Property and Staffing Inc. ("Lexington"), G Fashion (CA) ("GFashion"), G Fashion Media Group Inc. ("G Fashion Media"), G Club Operations LLC ("G Club"), Rule of Law Society IV Inc. ("Rule of Law"), Rule of Law Foundation III, Inc. ("Rule of Law Foundation"), Golden Spring (New York) Ltd. ("Golden Spring") Hamilton Capital Holding Ltd ("Hamilton Capital"), HCHK Technologies Inc. ("HCHK Technologies", collectively with Saraca, Leading Shine, Lexington, G Fashion Media, GFashion, G Club, Rule of Law, Rule of Law Foundation, Golden Spring and Hamilton Capital, the "Relevant Alter Egos"), transferred funds in the amount of $14,~~187,111.67~~799,658.57 prior to the Petition Date (as defined herein) to the Defendant as initial transferee.

~~3.~~2.      These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

~~4.~~3.      Following the Petition Date, the Debtor, through his alter ego shell companies, Lexington, HCHK Technologies, Hamilton Capital, Rule of Law Foundation and G Club

2

> Formatted: Don't keep with next

transferred funds in the aggregate amount of $~~5,937,448.72~~6,027,821.33 to the Defendant as initial transferee.

~~5.~~4.     Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

~~6.~~5.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

~~7.~~6.     This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

~~8.~~7.     The statutory predicates for the relief sought herein include sections 544, 548, 549, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law sections 273, 276 and 278[2] or any other applicable state law equivalents.

## THE PARTIES

~~9.~~8.     The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

~~10.~~9.     The Defendant is a Delaware corporation with an address 410 Terry Avenue North, Seattle, Washington 98109.

---

[2]     All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. & Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVTA") replaced the New York Uniform Fraudulent Conveyance Act ("NYUFCA") within the ~~NYDebt~~N.Y. Debt & Cred Law, taking effect on April 4, 2020 and applying to transfers made or obligations incurred on or after that date. With respect to transfers that occurred on or after April 4, 2020, the Trustee seeks relief in this action under the NYUVTA and N.Y. Debt. & Cred. Law sections 273 and 276 (as these statutes existed at the time of the transfers) and, with respect to transfers that occurred prior to April 4, 2020, the Trustee seeks relief in this action under the NYUFCA and N.Y. Debt. & Cred. Law sections 276 and 278 (as these statutes existed at the time of the transfers).

3

~~FACTS~~

**Formatted:** Font: Not Bold, No underline

## FACTS

**A.    Chapter 11 Case**

~~11.~~10.  The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

~~12.~~11.  On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

~~13.~~12.  The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter ego shell companies, including the Relevant Alter Egos.

~~14.~~13.  On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.    Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

---

[3]    Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

4

15.14.  The Relevant Alter Egos are among the numerous alter-ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

16.15.  Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several adversary proceedings the Bankruptcy Court has already granted such relief.[4]

17.16.  The Trustee is pursuing the same or substantially similar relief with respect to Saraca, G Fashion Media, GFashion, G Club, Rule of Law, Rule of Law Foundation, and Hamilton Capital in *Despins v. ACA Capital Group Ltd*, et al. [Adv. Proc. No. 24-05249] (the "Omnibus A.P."). The Trustee refers to and incorporates herein his Complaint filed in the Omnibus A.P. (Omnibus A.P., Docket No. 1).

---

[4] Adversary proceedings in which the Trustee is seeking or has obtained such relief include, in addition to the Omnibus A.P., Lamp Capital A.P., HCHK Entities A.P., and Golden Spring A.P.: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC*, et al. [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC*, et al. [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-05017]; (v) *Luc A. Despins, Chapter 11 Trustee v. Bouillor Holdings Limited*, et al. [Adv. Proc. No. 24-5311] and (vi) *Luc A. Despins, Chapter 11 Trustee v. AA Global Ventures Limited*, et al. [Adv. Proc. No. 24-05322]; and (vi) *Luc A. Despins, Chapter 11 Trustee v. Bouillor Holdings Limited*, et al. [Adv. Proc. No. 24-5311].

5

18.17.  The Trustee is pursuing the same or substantially similar relief with respect to Leading Shine in *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023] (the "<u>Lamp Capital A.P.</u>").  The Trustee refers to and incorporates herein his Complaint filed in the Lamp Capital A.P. (Lamp Capital A.P., Docket No. 1).

19.18.  The Court entered judgment to the effect that Lexington and HCHK Technologies are the Debtor's alter egos and their property, prior to the Petition Date, was property of the Debtor. (Adv. Proc. No. 23-5013 (the "<u>HCHK Entities A.P.</u>"), Docket No. 296 (the "<u>Lexington/HCHK Technologies Judgment</u>"). The Lexington/HCHK Technologies Judgment is final and no longer subject to appeal. The Trustee refers to and incorporates herein his Complaint filed in the HCHK Entities A.P. (HCHK Entities A.P., Docket No. 1) and the Lexington/HCHK Technologies Judgment.

20.19.  The Court has likewise entered judgment to the effect that Golden Spring is the Debtor's alter ego and that its property, prior to the Petition Date, was property of the Debtor. (Adv. Proc. No. 23-5018 (the "<u>Golden Spring A.P.</u>"), Docket No. 35 (the "<u>Golden Spring Judgment</u>"). The Golden Spring Judgment is final and no longer subject to appeal. The Trustee refers to and incorporates herein his Complaint filed in the Golden Spring A.P. (Golden Spring A.P., Docket No. 1) and the Golden Spring Judgment.

21.20.  The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

**C.    <u>Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors</u>**

6

22.21.  In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[5]

23.22.  The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor[6], led by the Debtor[7] and/or served "the purposes of… and as business vehicles of" the Debtor.[8]

24.23.  Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally owned by one of the Debtor's ~~chauffeurs~~chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[9]

25.24.  The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3,

---

[5]  Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order").

[6]  *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[7]  *Id*. at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[8]  *Id*. ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[9]  *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son.  The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

26.25.  The Debtor also used his alter egos, including the Relevant Alter Egos, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims.  The transfers that the Debtor effectuated through these alter egos perpetuatedeffectuated the Debtor's fraudulent scheme.

27.26.  The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[10]  The Debtor scheduled only $3,850 in assets.[11]

28.27.  In March 2023, the Debtor was arrested by federal authorities and held without bail. On July 16, 2024, following a trial in the United States District Court for the Southern District of New York, the Debtor was convicted of nine felony counts, i.e., racketeering conspiracy, conspiracy to commit wire fraud and bank fraud, money laundering conspiracy, conspiracy to commit securities fraud, wire fraud in connection with the Farm Loan Program, securities fraud in

---

[10]    Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022).

[11]    *See* n.3.

8

connection with the Farm Loan program, wire fraud in connection with G|CLUBS, securities fraud in connection with G|CLUBS, and wire fraud in connection with the Himalaya Exchange.

29.28.  In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[12]

30.29.  The property of the Debtor's alter egos, including the Relevant Alter Egos, was at all times prior to the Petition Date property of the Debtor.

31.30.  At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the transfers at issue in this Complaint.

**D.**    **Debtor's Shell Game and Fraud Continues Postpetition**

> Formatted: Font: Bold, Underline

32.31.   As of the Petition Date, all of the Debtor's property held through his alter egos, including the Relevant Alter Egos, became property of the chapter 11 estate. See 11 U.S.C. § 541(a)(1).

33.32.   Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter ego shell companies, including, without limitation, Lexington, HCHK Technologies, Hamilton Capital, Rule of Law Foundation, and G Club.

34.33.  None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

---

[12]  *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

**E.**      **Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

~~35.~~34.  The Transfers (as defined herein) at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell companies operated as a part of the Debtor's shell game.

~~36.~~35.  The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors.  The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

~~37.~~36.  The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes.  As a result of this conduct, the Debtor has been convicted of multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York.  *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 395] (July 18, 2024 S.D.N.Y.).

~~38.~~37.  The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds.  These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

10

**F.  Transfers to the Defendant**

Formatted: Indent: Left:  0.25", Hanging:  0.25"

~~39.~~38.  Prior to the Petition Date, the Debtor, using the Relevant Alter Egos, or otherwise, transferred the Debtor's property to the Defendant (collectively, the "<u>Prepetition Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE A</u>** attached hereto and made a part hereof.

~~40.~~39.  Subsequent to the Petition Date, the Debtor, through his alter ego shell companies, Hamilton Capital, G Club, Lexington, Rule of Law Foundation, and HCHK Technologies, or otherwise, transferred property of the estate to the Defendant (collectively the "<u>Postpetition Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE B</u>** attached hereto and made a part hereof.

~~41.~~40.  At the time of the Prepetition Transfers and Postpetition Transfers (collectively, the "<u>Transfers</u>"), the Debtor had outstanding obligations to creditors of the Debtor's estate.

~~42.~~41.  The Defendant was the initial transferee of the Transfers.

<u>**FIRST CLAIM**</u>

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to
Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

Formatted: Font: Bold

~~43.~~42.  The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

~~44.~~43.  The Prepetition Transfers were made by the Debtor, including through the Relevant Alter Egos, with the actual intent to hinder, delay and/or defraud his creditors.

~~45.~~44.  The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Prepetition Transfers is shown by, among other things:

a.    The Prepetition Transfers were effectuated using alter ego shell companies;

b.    The Prepetition Transfers were concealed from the Debtor's creditors;

11

c.      The Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

e.      At the time of the Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

f.      At the time of the Prepetition Transfers, the Debtor was insolvent or undercapitalized.

46.45.   The Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 276 and 278, and Bankruptcy Code sections 544(b) and 550(a))**

47.46.   The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

48.47.   The Prepetition Transfers were made by the Debtor, including through the Relevant Alter Egos, with the actual intent to hinder, delay and/or defraud his creditors.

49.48.   The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Prepetition Transfers is shown by, among other things:

a.      The Prepetition Transfers were effectuated using alter-ego shell companies;

b.      The Prepetition Transfers were concealed from the Debtor's creditors;

c.  The Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.  The Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

e.  At the time of the Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

f.  At the time of the Prepetition Transfers, the Debtor was insolvent or undercapitalized.

~~50.~~49.  The Prepetition Transfers that occurred prior to April 4, 2020 are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 276 and 278 (NYUFCA) as these statutes existed at the time of such Prepetition Transfers, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

~~51.~~50.  The Prepetition Transfers that occurred on or after April 4, 2020 are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1) and 276 (NYUVTA) as these statutes existed at the time of such Prepetition Transfers, and section 544(b) of the Bankruptcy Code, and recoverable pursuant to section 550(a) of the Bankruptcy Code.

<u>**THIRD CLAIM**</u>

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

**Formatted:** Centered

~~52.~~51.  The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

13

53.52.  The Postpetition Transfers were made to the Defendant by the Debtor, including through his alter ego shell companies, Hamilton Capital, G Club, Rule of Law Foundation, Lexington, and HCHK Technologies.

54.53.  The Postpetition Transfers occurred after the Petition Date.

55.54.  The Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

56.55.  The Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

57.56.  The Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

58.57.  Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Postpetition Transfers, or the value thereof, from the Defendant plus interest thereon to the date of payment and the costs of this action.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Formatted: Line spacing: Double

14

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.      On the First Claim, (a) an order declaring that the Prepetition Transfers in an amount not less than $~~13,487,890.57~~14,123,661.41 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Prepetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.      On the Second Claim, (a) an order declaring that the Prepetition Transfers in an amount not less than $14,~~187,111.67~~799,658.57 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(1) and 276 (under the NYUVTA) and, with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 276 and 278 (under the NYUFCA); (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Prepetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law sections 276 (under the NYUVTA) and 278 (under the NYUFCA) and section 550(a)(1) of the Bankruptcy Code;

15

3.      On the Third Claim, (a) an order declaring that the Postpetition Transfers in an amount not less than $~~5,937,448.72~~6,027,821.33   are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Postpetition Transfers be set aside; and (c) recovery of the Postpetition Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

4.      Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

5.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

16

Dated: ~~February~~ August 14, 2025          LUC A. DESPINS,
New Haven, CT                                CHAPTER 11 TRUSTEE

                                             By: */s/ Patrick R. Linsey*
                                                 Douglas S. Skalka (ct00616)
                                                 Patrick R. Linsey (ct29437)
                                                 NEUBERT, PEPE & MONTEITH, P.C.
                                                 195 Church Street, 13th Floor
                                                 New Haven, Connecticut 06510
                                                 (203) 781-2847
                                                 dskalka@npmlaw.com
                                                 plinsey@npmlaw.com
                                                 *Counsel for the Chapter 11 Trustee*

17

**<u>SCHEDULE A</u>**

**FILED UNDER SEAL**

**SCHEDULE B**

**FILED UNDER SEAL**

Formatted: Font: Bold

Formatted: No underline

2

## **EXHIBIT 3**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                             :
In re:                                       :        Chapter 11
                                             :
HO WAN KWOK, et al.,⁵                        :        Case No. 22-50073 (JAM)
                                             :
                    Debtors.                 :        (Jointly Administered)
                                             :
-------------------------------------------------------x
                                             :
LUC A. DESPINS, CHAPTER 11                   :
TRUSTEE,                                     :
                                             :        Adv. Proceeding No. 24-05006
                    Plaintiff,               :
v.                                           :
                                             :
                                             :
AMAZON WEB SERVICES, INC.,                   :
                                             :
                    Defendant.               :
                                             :
-------------------------------------------------------x
```

## ORDER GRANTING LEAVE TO AMEND COMPLAINT

UPON CONSIDERATION OF Trustee's Motion for Leave to Amend Complaint (the

"Motion"), and any opposition thereto, the Motion is hereby GRANTED, and it is

ORDERED that Trustee shall file the proposed Third Amended Complaint.

---

⁵   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
    Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
    LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
    for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
    Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
    of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :

In re:                         :         Chapter 11
                              :

HO WAN KWOK, *et al.*,[6]        :         Case No. 22-50073 (JAM)
                              :

               Debtors.     :         (Jointly Administered)
                              :

-------------------------------------------------------x
                              :

LUC A. DESPINS, CHAPTER 11    :
TRUSTEE,                  :
                              :        Adv. Proceeding No. 24-05006

              Plaintiff,   :

v.                       :
                              :

AMAZON WEB SERVICES, INC.,  :
                              :

             Defendant.   :
                              :

-------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

Notice of the foregoing was sent by email on the date hereof to all parties appearing in the above-captioned adversary proceeding by operation of the Court's electronic filing ("<u>CM/ECF</u>") system. The foregoing may be accessed using the CM/ECF system.

---

[6]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: August 14, 2025　　　　　　　LUC A. DESPINS, CHAPTER 11
New Haven, Connecticut　　　　　　　TRUSTEE

　　　　　　　　　　　　　　　　　By: */s/ Patrick R. Linsey*
　　　　　　　　　　　　　　　　　　　Douglas S. Skalka (ct00616)
　　　　　　　　　　　　　　　　　　　Patrick R. Linsey (ct29437)
　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　195 Church Street, 13th Floor
　　　　　　　　　　　　　　　　　　　New Haven, Connecticut 06510
　　　　　　　　　　　　　　　　　　　(203) 781-2847
　　　　　　　　　　　　　　　　　　　dskalka@npmlaw.com
　　　　　　　　　　　　　　　　　　　plinsey@npmlaw.com
　　　　　　　　　　　　　　　　　　　*Counsel for the Chapter 11 Trustee*

3