# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | Adv. Proceeding No. 24-05006 (JAM) |

**NOTICE OF FILING OF JOINT DEFENDANTS' LIMITED OBJECTION TO THE TRUSTEE'S MOTION FOR ENTRY OF ORDER: (I) SUPPLEMENTING, AMENDING, AND SUPERSEDING (A) ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS; AND (B) ORDER AMENDING ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO FACILITATE CONSENSUAL PRE-LITIGATION AND PRE-APPEARANCE MEDIATION; AND (II) APPROVING INTERVENTION OF APPROPRIATE AVOIDANCE DEFENDANTS IN OMNIBUS ALTER EGO ACTIONS AS TO ALTER EGO CLAIMS AGAINST SPECIFIED ALTER EGO DEFENDANTS [ECF NO. 4628]**

---

[1] The Debtors are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PLEASE TAKE NOTICE** that, on October 10, 2025, in the above-captioned main bankruptcy case of the Debtors Ho Wan Kwok, *et al.* (the "Main Bankruptcy Case"), Amazon Web Services, Inc. ("AWS"), defendant in the above-captioned adversary proceeding, along with certain other avoidance defendants, by and through their undersigned counsel, filed the *Joint Defendants' Limited Objection to the Trustee's Motion for Entry of Order: (I) Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings; and (B) Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants [ECF No. 4628]* (Main Bankruptcy Case, ECF 4716, the "Objection"). A copy of the Objection is attached hereto as **Exhibit 1**.

In addition to points raised in the Objection, AWS respectfully reserves the right to argue that it is not bound, under the theory of the law of the case or otherwise, by any legal determinations made in any adversary proceeding in which AWS is not a named defendant, regardless of whether those determinations were made before or after any authorized intervention procedures. The Court should reject the Trustee's attempt to obtain a ruling that AWS, to the extent that it does not choose to intervene, is nonetheless bound by the results of the alter ego actions. *See* Proposed Order at ¶ 7. The Trustee has not cited legal authority to support such a determination, and Fed. R. Civ. P. 24 does mandate the imposition of penalties

against a party choosing not to intervene. In addition, AWS wishes to emphasize the point that the Trustee's proposed piecemeal discovery significantly prejudices AWS and other avoidance action defendants. The effect of the proposed procedures will result in multiple different timelines and processes across multiple different cases, including within a single adversary proceeding. Otherwise, given that the Trustee has alleged that AWS is the recipient of transfers from multiple different alleged alter egos, AWS will be forced to take multiple rounds of discovery on different timelines within a single case. Proceeding with discovery in this fashion will be needlessly inefficient and expense.

| | |
|---|---|
| Dated: October 10, 2025 | K&L GATES LLP |
| | By: */s/ Lindsay Sampson Bishop*<br>Lindsay Sampson Bishop (ct29990)<br>K&L GATES LLP<br>1 Congress Street<br>Boston, MA 02114<br>Tel: (617) 261-3100<br>Email: lindsay.bishop@klgates.com |
| | -and- |
| | By: */s/ Brian T. Peterson*<br>Brian T. Peterson (phv208265)<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Tel: (206) 623-7580<br>Email: brian.peterson@klgates.com |
| | *Counsel for Amazon Web Services, Inc.* |

**CERTIFICATION**

      I hereby certify that on October 10, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      By: /s/ *Brian T. Peterson*
           Brian T. Peterson, Esq.

**EXHIBIT 1**